United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-20118
Summary Calendar
_____

GENEAL D. BRUMMETT,

Plaintiff - Appellant,

versus

INNOVEX AMERICA HOLDING COMPANY, doing business as Innovex Inc.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-02-CV-4846

_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:*

In this employment action, Geneal Brummett sued her former employer, Innovex America Holding Company ("Innovex"), alleging age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) et seq., and intentional infliction of emotional distress under Texas state law. Brummett filed this action after being discharged from her position as a sales associate on May 30, 2002.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Innovex moved for summary judgment on both claims. With respect to the age discrimination claim, Innovex contended that Brummett had failed to raise a fact issue as to whether Innovex's proffered legitimate, nondiscriminatory reasons for discharging her were pretextual. With respect to Brummett's claim of intentional infliction of emotional distress, Innovex argued that its conduct was not "outrageous," a necessary element in establishing liability for this claim under Texas state law. See Texas Farm Bureau Mut. Ins. Co. v. Sears, 84 S.W.3d 604, 610 (Tex. 2002).

The district court granted Innovex's motion and dismissed both claims for the reasons urged. Brummett now appeals the dismissal of the age discrimination claim to this court, contending that she had produced evidence tending to show that Innovex's proffered legitimate, nondiscriminatory reason for her termination was pretextual.[1] We disagree.

_____

[1]It is unclear whether Brummett is also attempting to appeal the district court's dismissal of her state law intentional infliction of emotional distress claim. She does devote a couple of pages in the fact section of her brief to a description of the emotional injuries ostensibly caused by Innovex's alleged actions. However, apart from this brief and ambiguous reference to these injuries, she does not identify the district court's dismissal of the emotional distress claim as an issue for review, nor does she make any effort to engage in a legal analysis by citing any authorities in support of the proposition that the district court erroneously dismissed this claim. Accordingly, we conclude that she has waived her right to appeal this issue. See, e.g., Adams v. Unione Mediterranea Di Sicurta, 364 F.3d 646, 653 (5th Cir. 2004)("Issues not raised or inadequately briefed on appeal are waived."); L & A Contracting Co. v. S. Concrete Servs., Inc., 17 F.3d 106, 113 (5th Cir.1994) (finding an issue was not adequately briefed, and thus waived, where no authorities were cited in a one-

2

In her exceedingly thorough opinion dismissing the age discrimination claim, Judge Rosenthal correctly recognized that because Brummett was relying solely on circumstantial evidence in support of her claim, the burden-shifting approach of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802,(1973), must guide the court's inquiry.  See <u>Sandstad v. CB Richard Ellis, Inc.</u>, 309 F.3d 893, 896 (5th Cir. 2002).  Applying this framework, the district court held that although Brummett had successfully made out a <u>prima facie</u> case of age discrimination, thereby shifting the burden to Innovex to produce a legitimate, nondiscriminatory reason for the challenged employment decision, she had failed to present evidence tending to show that reason proffered by Innovex was pretextual. See <u>id</u>. at 897.

Specifically, the district court found that Innovex had provided two legitimate reasons for terminating Brummett -- violations of company policy and poor job performance.  However, it concluded that Brummett was unable to produce any evidence that would suggest either of these reasons was a mere pretext.  The district court noted that both of Innovex's proffered explanations were firmly supported by documentary and testimonial evidence.  In contrast, support for Brummett's pretext argument relied solely upon her own self-serving and conclusory assertions or the testimony of others who lacked any established personal knowledge of the disputed facts.  The district court also observed that other

page argument in an appellant's brief).

3

evidence supported Innovex's assertion that it had not discriminated against Brummett, including the fact that Innovex had fired a substantially younger employee at the same time for violations of the same company policy. Finally, the district court dismissed as "stray remarks" several age-related comments Innovex employees allegedly made to Brummett, concluding that they were either too ambiguous to be probative or had been made by individuals without authority or influence over Innovex's decision to terminate Brummett's employment. See, e.g, Wyvill v. United Co. Life Ins. Co., 212 F.3d 296, 304 (5th Cir. 2002) ("In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous . . . ."); Krystek v. University of Southern Mississippi, 164 F.3d 251, 256 (5th Cir. 1999) (holding that a comment made by a person who played no role in the employment decision was a "stray remark" that lacked any probative value as a matter of law). Concluding that Brummett was thus unable to provide evidence demonstrating the falsity of Innovex's proffered nondiscriminatory reasons for firing her, the district court dismissed the claim.

We have examined the briefs, the record, and the district court's opinion, and we find no error in its legal analysis or its application of this legal analysis to the facts of this case. Thus, for the reasons indicated above, examined in much greater

4

detail in the district court's careful opinion, the district court's judgment is

AFFIRMED.